UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:17-cv-00186-RLY-DML |
| WILDLIFE IN NEED AND WILDLIFE IN DEED, INC., TIMOTHY L. STARK, MELISA D. STARK, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| MELISA D. STARK, TIMOTHY L. STARK, WILDLIFE IN NEED AND WILDLIFE IN DEED, INC., | ) ) ) ) ) | |
| Counter Claimants, | ) ) | |
| v. | ) ) | |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) | |
| Counter Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

On September 29, 2017, Plaintiff, People for the Ethical Treatment of Animals, Inc., brought this present action against Defendants, Melisa D. Stark, Timothy L. Stark, and Wildlife in Need and Wildlife in Deed, Inc., for alleged violations of the Endangered Species Act, 16 U.S.C. §§ 1531, *et. seq.* (Filing No. 1). On October, 19, 2017,

1

Defendants filed an Answer and a Counterclaim for defamation. (Filing No. 23). Plaintiff now moves to dismiss Defendants' Counterclaim under Rule 12(b)(6). Defendants have not responded. For the reasons stated below, the court **GRANTS** Plaintiff's motion.

To make out a claim for defamation, Defendants bear the burden of establishing the basic elements of defamation: "(1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages." *Haegert v. McMullan*, 953 N.E.2d 1223, 1230 (Ind. Ct. App. 2011). In their Counterclaim, Defendants allege:

> 1. People for the Ethical Treatment of Animals, Inc. (PETA) is a radical, extreme, militant, activist, animal rights group cloaked as a non-profit organization to bully, harass, annoy, and to bring litigation under the Endangered Species Act in order to further it's [sic] efforts to fund raise [sic] from members of the public who might believe themselves to be in alliance with the objectives of the organization.
>
> 2. PETA advances frivolous claims to fund further litigation to accomplish what appears to be the goal of ending private ownership of all animals, including typical household pets as well as all other animals whether they be domestic or wildlife such as governed by the USDA and to restrict private property rights of owners such as WIN.
>
> 3. PETA sensationalizes and publicizes it's [sic] actions against WIN which acts to damage the business operations and day to day activities of WIN constituting an unlawful taking and damaging of it's [sic] business and damaging it's [sic] ability to conduct interstate commerce.
>
> 4. PETA makes claims that have acted to slander and defame the good name of WIN causing both temporary and permanent economic damage to WIN with a complete disregard to the truth.
>
> 5. PETA has encouraged and allowed others to slander and defame WIN to help advance the agenda of PETA.

(Filing No. 23, Answer to Complaint and Counterclaim at 2 ¶¶ 1-5).

Defendants' allegations fall well short of making out a claim for defamation. Defendants have not identified nor listed any specific communications with a defamatory imputation, which is required under Indiana law. *See Haegert*, 953 N.E.2d at 1230 ("[A] plaintiff who sues for defamation must set out the alleged defamatory statement in the complaint."). Further, Defendants have not alleged that such communications were published with malice. Defendants' conclusory statements are simply insufficient to sustain a claim of defamation. *Board of Trustees of Purdue University v. Eisenstein*, No. 45A04-1612-PL-2728, 2017 WL 4872915, at *12 (Ind. Ct. App. Oct. 30, 2017) (noting that vague allegations about a defendant's conduct are insufficient to support a defamation claim).

Plaintiff also seeks dismissal under Indiana's Anti-SLAPP statute which directs a court to dismiss a claim of defamation if the court finds by the preponderance of the evidence that "the act upon which the claim is based is a lawful act in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana." Ind. Code § 34-7-7-9(d). The Anti-SLAPP Statute permits a successful defendant to be awarded attorney fees and costs for prevailing on a motion to dismiss. Ind. Code § 34-7-7-7 ("A prevailing defendant on a motion to dismiss made under this chapter is entitled to recover reasonable attorney's fees and costs.").

The court declines to award Plaintiff costs and fees under the Anti-SLAPP statute since Defendants have not identified any statements or publications that are defamatory. Fees and costs are only recoverable when a motion to dismiss is granted under that

section. *See* Ind. Code § 34-7-7-7. Since the court is granting Plaintiff's motion to dismiss under Rule 12(b)(6) for failure to state a claim, and not under Indiana's Anti-SLAPP statute, the court declines Plaintiff's request for fees.

For the reasons stated above, the court **GRANTS** Plaintiff's Motion to Dismiss Counterclaim (Filing No. 26).

**SO ORDERED** this 8th day of January 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.