UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff

v.                                                     Civil Action No. 4:17-cv-00186-RLY-DML

WILDLIFE IN NEED AND WILDLIFE
IN DEED, INC., TIMOTHY L. STARK,
and MELISA D. STARK,

    Defendants

**DEFENDANTS WILDLIFE IN NEED AND WILDLIFE IN DEED, INC.'S,
MELISA STARK'S AND TIMOTHY STARK'S MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR ORDER THAT PLAINTIFF'S GIVE SECURITY**

Now come the Defendants, Wildlife in Need and Wildlife in Deed, Inc. ("WIN") and Melisa Stark, by and through the undersigned counsel, and Timothy Stark, individually, (jointly "Defendants"), and submit this Memorandum in support of their *Joint Motion for Order that Plaintiff's Give Security* pursuant to Fed. R. Civ. P. 65(c).

### I.    Facts

Plaintiff, People for the Ethical Treatment of Animals, ("PETA") filed its *Complaint* [Doc. 1] in this matter on September 29, 2017. With that initial filing PETA also filed a Motion for Temporary Restraining Order. [Doc. 4] On October 4, 2017, the Court entered its order granting PETA's motion for a TRO. [Doc. 19] On October 30, 2017, after a hearing held on October 19, 2017, the Court issued an order extending the Temporary Restraining Order and further ordered that the hearing on PETA's Preliminary Injunction request be set for January 24, 2018. [Doc. 25] On December 19, 2017, PETA filed its motion for Preliminary Injunction [Doc. 46] and its supporting memorandum [Doc. 54] on January 8, 2018.

1

On January 19, 2018 Defendants filed their Response in Opposition to the Preliminary Injunction request [Doc. 72], and on January 22, 2018, PETA filed its reply brief [Doc. 76]. On January 24, 2018, the court held a hearing on PETA's preliminary injunction request and entered a minute order on January 26, 2018, directing the parties to submit findings of fact and conclusions of law and extending and continuing the TRO. [Doc. 81] Both parties filed their findings of fact and conclusions of law on February 1, 2018. [Docs. 83 & 84] On February 12, 2018, the Court issued its order granting the Preliminary Injunction. [Doc. 89] The transcript of the preliminary injunction hearing was filed on April 20, 2018 [Doc. 108], and the transcript of the TRO/injunction hearing of October 19, 2017, was filed on April 20, 2018 [Doc. 110].

## II. Law and Argument

At the time the original Temporary Restraining Order was issued on October 4, 2017, and through its subsequent extensions the Court did not order PETA to post security. Additionally, the Court did not order a bond after entering the Preliminary Injunction.

An injunction bond is to compensate the defendant, who prevails on the merits, for the harm that a temporary restraining order or preliminary injunction entered before the final decision caused him.[1] A bond may be ordered at any time prior to the issuance of a final decision.

Fed. R. Civ. P. 65 allows the court to enter temporary restraining orders and preliminary injunctions; however, "[T]he court may issue a preliminary injunction or a temporary restraining order *only* if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[2] [Emphasis added.] "When setting the amount of security, district courts should err

---

[1] *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002)
[2] Fed. R. Civ. P. 65(c)

2

on the high side."[3] "An error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond."[4]

While courts have some limited discretion to not issue a bond it may not ignore the defendant's request completely.[5] "Absent extraordinary circumstances, the court errs in not granting it."[6] When determining the amount of security to be posted, the court should not look to plaintiff's immeasurable harm but rather to the quantifiable monetary harm the defendant would suffer through granting of preliminary injunction.[7] The Court may set as bond a sum it deems proper to make defendants whole in case they turn out to have been unlawfully enjoined.[8]

In this instance, WIN's damages are clearly quantifiable. The TRO and subsequent Preliminary Injunction enjoined WIN from, among other things conducting its interactive Tiger Baby Playtime events. WIN began conducting Tiger Baby Playtime in the fall of 2013 when it earned $184,267.00. In 2014 WIN's revenues were $569,032.00. In 2015 they jumped to $1,036,606.00.[9] In 2016 WIN' revenues increased to $1,270,536.00, and $1,039,968.00 in 2017.[10] Since the TRO enjoining it from conducting Tiger Baby Playtime went into effect on October 4, 2017, WIN's revenues have continued to fall. [Doc. 19] In 2018, WIN's revenues fell to $444,683.00, and in 2019 it fell further to $355,210.00.[11]

The Seventh Circuit has rejected the notion that nonprofits should be exempt from having to post injunction bonds or establishment of a narrower rule "that would pick and choose among

---

[3] *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir.), opinion amended on denial of reh'g, 209 F.3d 1032 (7th Cir. 2000)
[4] *Id.*
[5] *Reinders Bros. v. Rain Bird E. Sales Corp.*, 627 F.2d 44, 54 (7th Cir. 1980)
[6] *Id.*, citing *System Operations, Inc. v. Scientific Games Development Corp.*, 555 F.2d 1131, 1145 (3d Cir. 1977)
[7] *Massachusetts Mut. Life Ins. Co. v. Associated Dry Goods Corp.*, 786 F. Supp. 1403, 1419 (N.D. Ind. 1992)
[8] *Am. Hosp. Supply Corp. v. Hosp. Prod. Ltd.*, 780 F.2d 589, 613 (7th Cir. 1986)
[9] Ex. A
[10] Ex. B & C
[11] Ex. D. This is the claimed amount of revenue for 2019. The returns have not yet been filed.

them on the basis of likely contribution to the overall public welfare."[12] Because of stage of litigation at which a preliminary injunction is issued, often it turns out to have been issued in error, "and when that happens the costs imposed on the party against whom the injunction ran are costs incurred by an innocent person (at least innocent in the preliminary-injunction phase of the litigation). The innocent may be a private firm or a government agency or a hapless individual (or even another nonprofit), but that doesn't make it or him or her unworthy of the law's protection."[13] "The principle that nonprofit entities should pay their way, reimbursing the losses incurred by entities whose operations the nonprofits impede by obtaining preliminary injunctions later dissolved, is general."[14] According to PETA's website, in 2019, it realized $50,871,312.00 in total revenue.

This matter currently anticipates a trial date sometime after September 21, 2020. [Doc. 307-1 Not considering what might have been realized the balance of 2017 following entry the TRO, 2018 and 2019 represent nearly a million dollar a year losses from the high of 2017. WIN reasonably believes that if it had been allowed to continue Tiger Baby Playtime unmolested by the TRO and Preliminary Injunction that its revenues would have continued to increase each year. Given the two consecutive year declines, and the anticipation that 2020 will follow suit, WIN believes that a bond of $3,000,000.00 is appropriate.

### III. Conclusion

The Defendants request that this Court issue an Order directing PETA to post a bond in the amount of $3,000,000.00 which is reasonable in light of the evidence presented here to support this motion.

---

[12] *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 459–60 (7th Cir. 2010)
[13] *Id.*
[14] *Id.*

4

Respectfully Submitted:

Date: April 28, 2020

s/ J. Clayton Culotta
J. Clayton Culotta
Bar No. 26733-11
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 941-8886 Ext. 24
Facsimile No. (812) 941-8883
clayculotta@culottalaw.com
Counsel for Defendants Wildlife in Need and Wildlife in Deed, Inc. ("WIN") and Melisa Stark

Reviewed, Approved and Agreed to by:

_____
Timothy L. Stark
3320 Jack Teeple Road
Charlestown, IN 47111
Wildlifeinneed@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28 day of April 2020, a copy of the foregoing was provided to counsel for the Plaintiff at the address below via the Court's electronic filing system:

Brian W. Lewis
Paul T. Olszowka
Barnes & Thornburg, LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
Brian.lewis@btlaw.com
paul.olszowka@btlaw.com

s/ J. Clayton Culotta
J. Clayton Culotta