UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

PEOPLE FOR THE ETHICAL TREATMENT   )
OF ANIMALS, INC.,                  )
                                   )
                Plaintiff,         )
                                   )
        v.                         )      No. 4:17-cv-00186-RLY-DML
                                   )
WILDLIFE IN NEED AND WILDLIFE IN   )
DEED, INC.,                        )
TIMOTHY L. STARK,                  )
MELISA D. STARK, and               )
JEFFREY L. LOWE,                   )
                                   )
                Defendants.        )

## ENTRY ON MOTION FOR PARTIAL FINAL JUDGMENT

This case concerns the treatment of tigers, lions, and hybrids ("Big Cats") under

the Endangered Species Act of 1973, 16 U.S.C. § 1531, *et seq.* ("ESA").  On August 3,

2020, the court granted People for the Ethical Treatment of Animals, Inc.'s ("PETA")

Motion for Summary Judgment and entered a permanent injunction against Defendants

Wildlife in Need and Wildlife in Deed, Inc., Timothy Stark, and Melisa Stark (the "WIN

Defendants").  (Filing Nos. 379 and 380).  The court subsequently modified its injunction

and then authorized the transfer of certain Big Cats off the WIN Defendants' property.

(Filing No. 414).  PETA now moves for entry of final judgment with respect to the WIN

Defendants (PETA's claims against Jeff Lowe remain pending).

Rule 54(b) authorizes district courts to enter final judgment on fewer than all of

the claims in a controversy.  *See* Fed. R. Civ. P. 54(b); *Muskegan Hotels, LLC v. Patel*,

986 F.3d 692, 697 (7th Cir. 2021).  Before doing so, however, the district court must ensure that (1) the (partial) final judgment to be entered will actually be a "final judgment" and (2) that there is no just reason to delay an appeal.  *Peerless Network, Inc. v. MCI Communications Services, Inc.*, 917 F.3d 538, 543 (7th Cir. 2019).  A judgment is truly "final" if it is an ultimate disposition of an individual claim in a multiple claims action.  *Gen. Ins. Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). For that determination, the court considers whether the claims remaining have significant factual overlap with those already decided, *see VDF FutureCeuticals, Inc. v. Stiefel Laboratories, Inc.*, 792 F.3d 842, 845 (7th Cir. 2015), or whether they are aimed at the same recovery.  *Peerless*, 917 F.3d at 544.  There is "no just reason for delay" when a partial final judgment would not result in duplicative appeals or otherwise waste judicial resources.  *See United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1217 – 18 (7th Cir. 1990).

Partial final judgment is appropriate here.  PETA's remaining claims against Jeff Lowe do not overlap with its claims against the WIN Defendants, and the court has completely resolved all of PETA's claims against the WIN Defendants.  Since the claims are not intertwined, entering judgment would not result in piece-meal appeals.  *See Peerless*, 917 F.3d at 543.  A partial final judgment is therefore appropriate.

For those reasons, PETA's Motion for Partial Final Judgment (Filing No. 439) is

**GRANTED**.  Final judgment shall issue accordingly.

**SO ORDERED** this 26th day of April 2021.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.

Mail to:

**WILDLIFE IN NEED AND WILDLIFE IN DEED, INC.**
3320 Jack Teeple Road
Charlestown, IN 47111
PRO SE

**TIMOTHY L. STARK**
3320 Jack Teeple Road
Charlestown, IN 47111
PRO SE

**MELISA D. STARK**
1927 Harmony Circle
Charlestown, IN 47111
PRO SE