UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17-cv-00186-RLY-DML ) |
| JEFFREY L. LOWE, | ) ) |
| Defendant. | ) |

**ORDER TRANSFERRING CASE**

This case concerns the treatment of tigers, lions, and hybrids ("Big Cats") under the Endangered Species Act of 1973, 16 U.S.C. § 1531, *et seq.* (the "ESA" or "Act"). People for the Ethical Treatment of Animals, Inc. ("PETA") sued Timothy Stark, Melisa Lane (formerly Stark) and Wildlife in Need and Wildlife in Deed, Inc. (collectively the WIN Defendants) alleging they violated the "take" provision of the ESA. 16 U.S.C. § 1538(a)(1)(B). The court granted PETA's motion for summary judgment finding the WIN Defendants violated the Act by declawing their Big Cats and prematurely separating Big Cat cubs from their mothers and using them in hands-on, public interactions called "Tiger Baby Playtime." *See People for the Ethical Treatment of Animals v. Wildlife in Need and Wildlife in Deed, Inc.*, 476 F.Supp.3d 765 (S.D. Ind. 2020). The court permanently enjoined the WIN Defendants from owning or possessing any of their Big Cats, (Filing No. 379), ordered the transfer of the Big Cats to wildlife sanctuaries, (Filing No. 414), and issued final judgment against the WIN Defendants. (Filing No. 443).

1

PETA's remaining claims in this case concern Defendant Jeff Lowe. He was not an original defendant when PETA filed this case in 2017. PETA learned in the summer of 2019, however, that Lowe and Stark had agreed to open a new zoo in Oklahoma and Stark had subsequently transferred four Big Cats (subject to this court's evidentiary preservation orders) to Lowe at his Oklahoma facility. PETA requested leave to file an amended complaint to add Lowe as a defendant, and the court granted that request.

The court recently ordered PETA to show cause why this case should not be transferred to the Western District of Oklahoma. As the court explained, that district is more convenient for the parties and the witnesses; it is also the location where all of the events giving rise to PETA's *remaining* claims occurred. On top of that, PETA is already litigating there. *See People for the Ethical Treatment of Animals, Inc. v. Jeffrey Lowe et al.*, No. 5:20-cv-01076-D (W.D. Okla. Oct. 22, 2020) (Filing No. 1); *see United States of America v. Jeffrey Lowe et al.*, No. 6:20-cv-00423-JFH (E.D. Okla. Apr. 28, 2021) (Filing No. 85) (seeking to intervene in a Department of Justice case against Lowe).

The federal venue statute authorizes district courts to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" if transfer is "in the interest of justice." 28 U.S.C. § 1404(a); *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020). These are two separate inquiries. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). With respect to convenience, the court can consider "the availability of and accesses to witnesses, and each party's access to and distance from resources in each forum." *Id.*; *see also Schwarz v. National Van Lines, Inc.*, 317 F.Supp.2d 829, 836

2

(N.D. Ill. 2004) (St. Eve, J.) ("Five factors bear on this prong: (1) the plaintiff's choice of forum, (2) the locations of the material events; (3) the relative ease of access to sources of proof; (4) the conveniences of the parties; (5) the convenience of the witnesses.").  With respect to the interest of justice, the court can consider each court's familiarity with the relevant law, the respective desirability of resolving the controversy in each locale, and the relationship of the community to the controversy.  *Ryze*, 968 F.3d at 708.

The transfer analysis is a flexible determination that necessarily depends on the facts of a particular case.  *Research Automation*, 626 F.3d at 978 ("The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.") (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  District courts can transfer a case *sua sponte*, *Ryze*, 968 F.3d at 706 n. 5, and they have considerable latitude when making this determination.  *Research Automation*, 626 F.3d at 977 – 78 ("[W]e grant a substantial degree of deference to the district court in deciding whether transfer is appropriate."); *accord Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

Oklahoma is the proper venue for the remainder of this case.  With respect for convenience, all of the events giving rise to PETA's claims against Lowe occurred at Lowe's facility in the Western District of Oklahoma; none of those events occurred in Indiana.  Oklahoma is likewise a more convenient forum for *all* witnesses: Lowe and the veterinarian who treated the Big Cats are located in Oklahoma, (*See* Filing No. 408-6), and PETA's experts are located in California (*See* Filing No. 408-8, Report of Dr. Jennifer Conrad) and Nebraska (*See* Filing No. 408-7, Expert Report of Jay Pratte).  All

3

of the documents and records—to the extent that they are not electronic—are located in Oklahoma. And even though PETA's preferred forum might be Indiana, it is already litigating in Oklahoma. *People for the Ethical Treatment of Animals, Inc. v. Jeffrey Lowe et al.*, No. 5:20-cv-01076-D (W.D. Okla. Oct. 22, 2020); *United States of America v. Jeffrey Lowe et al.*, No. 6:20-cv-00423-JFH (E.D. Okla. Apr. 28, 2021). Given that Indiana is not PETA's "home forum" nor is it the location of the material events, PETA's preferred choice of Indiana carries little weight. *Schwarz*, 317 F.Supp.2d at 835 (St. Eve., J.) (plaintiff's choice of forum is entitled to less deference where the forum is not the location of the material events); *Mir v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-cv-1315, 2019 WL 5425012, at *5 (C.D. Ill. May 3, 2019) (plaintiff's choice of forum deserves less deference when the forum to which transfer is sought has substantial ties to litigation). Given all this, the court has little trouble concluding Oklahoma is the more convenient forum.

The interests of justice also favor resolving this dispute in Oklahoma. Litigating in Oklahoma is more economical—both for the courts and the parties. As already discussed, PETA is already litigating there. It brought suit against Lowe for his treatment of animals under the ESA. (Filing No. 450, PETA's Response at 9 n. 4). Although that suit apparently covers other species, it still involves Lowe, his veterinarians, and the general conditions of his facility in Oklahoma. It also involves other Big Cats. *People for the Ethical Treatment of Animals, Inc. v. Jeffrey Lowe et al.*, No. 5:20-cv-01076-D (W.D. Okla. Oct. 22, 2020) (Filing No. 1). All of the witnesses are located closer to Oklahoma than Indiana, and it would be more prudent to have one trial concerning all of

4

Lowe's animals than multiple in different jurisdictions. Judicial economy therefore favors resolving this case in Oklahoma. *Ashley Furniture Industries, Inc. v. Packaging Corporation of America*, 275 F.Supp.3d 957, 968 (W.D. Wis. 2017) ("Determining the interests of justice . . . largely turns on whether judicial economy would be served by transfer.").

This court is also not as familiar with PETA's remaining claims. The claims against Lowe differ considerably from the claims against the WIN Defendants: they rely on evidence that post-dates the Amended Complaint and involve new theories not previously ruled on by this court.

A little more on this. The original claims against the WIN Defendants involved declawing Big Cats and using them in Tiger Baby Playtime. PETA sought leave to add Lowe on August 12, 2019 to ensure he would be bound by any order as to the four Big Cats at his facility.[1] The court added Lowe for that limited purpose. (*See* Filing No. 284, Entry on Motion for Leave to Join Jeff Lowe) ("Mr. Lowe must be added to the litigation to achieve a just adjudication since he is in possession of the four Big Cat Cubs, and both PETA and [the WIN] defendants seek their return.").

However, PETA now seemingly presents new theories and new evidence in an attempt to hold Lowe liable for additional harms in its summary judgment motion. (*See* Filing No. 407, PETA Brief in Support of Summary Judgment). For example, PETA

---

[1] PETA's proposed Amended Complaint, in fact, contained only a handful of factual allegations against Lowe; they concerned him interjecting himself into this litigation to frustrate PETA's attempt at a remedy. (Filing No. 245-4, Proposed Amended Complaint ¶¶ 6, 18, and 77 – 79, 104 – 106).

5

argues Lowe violated the ESA by keeping the four Big Cats in his home away from their mothers and failing to use a safe or nutritionally adequate substitute for milk. (*Id.* at 19 – 20). PETA contends Lowe violated the ESA by failing to provide proper veterinary care and adequate conditions of confinement. (*Id.* at 25 – 26). And PETA says Lowe violated the ESA by not taking sufficient precautions against COVID-19. (*Id.* at 27). These are theories unrelated to why Lowe was originally added. On top of that, all of the evidence post-dates PETA's request to add Lowe in this case. All of this is to say that the Oklahoma courts and this court are essentially on equal footing when it comes to familiarity with remaining claims.[2]

PETA objects for two principal reasons. First, PETA contends the court has not fully redressed its claims against Lowe. But that is not a reason why *this* court must decide this case. Federal courts in Oklahoma are equally capable of applying federal law and resolving PETA's claims (and have a stronger interest in the case because the alleged violations occurred in their community). There is nothing to prevent PETA from seeking the same relief in Oklahoma as here in Indiana.

Second, PETA says convenience and the interests of justice do not favor transfer. But as fully explained above, the court disagrees. Two points, though, are worth briefly

---

[2] Another factor favoring transfer is this court's docket congestion. To the extent *Ryze* allows, the court notes a trial will likely occur faster in Oklahoma. The latest numbers show cases in the Western District of Oklahoma, on average, take 15.1 months from filing to trial whereas cases in this district take, on average, 36.7 months. *See* Federal Court Management Statistics at 51, 84, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2021.pdf, last visited Jun. 29, 2021). Although previous case law considered docket congestion relevant, the court reads *Ryze* as strongly signaling to district courts to refrain from using docket congestion as a basis for transfer. *Ryze*, 968 F.3d at 710 n. 21. The court therefore gives only a little weight to this factor.

discussing. PETA argues it has significant reliance interests because it has incurred fees and expenses litigating its claims against Lowe in Indiana. Nothing prevents PETA, however, from recovering its expenses and fees in Oklahoma. If it prevails on the merits, PETA can seek its expenses through a petition in Oklahoma. PETA also says the interest of justice favors keeping this case here because Lowe and Stark ignored and tried to work around this court's orders. This is a fair point and, certainly, one that is not lost on the court. Yet given the other factors weighing in favor of transfer, the court believes transfer is more appropriate.

For all those reasons PETA's objections are **OVERRULED**, and the court now **TRANSFERS** this case to the Western District of Oklahoma. The court notes for the Oklahoma court that the following motions are being transferred: PETA's Motion for Summary Judgment (Filing No. 406), and Motions for Leave to Introduce Supplemental Evidence (Filing No. 440, 441, 442).

The clerk is designated to transfer this matter to the Western District of Oklahoma. **SO ORDERED** this 1st day of July 2021.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.